SAMUEL D. HARRIS, MARSHAL OF THE UNITED STATES FOR THE DISTRICT OF MASSACHUSETTS, PLAINTIFF IN ERROR *vs.* JAMES D'WOLF, JUN, DEFENDANT IN ERROR.

The plaintiff in replevin, James D'Wolf, claimed the merchandize under an assignment executed by George D'Wolf and John Smith to him, in consideration of a large sum of money due by them to James D'Wolf, and in consideration of advances to be made to them by him. The assignment transferred four vessels and their cargoes, three of which vessels were then at sea, and one in New York ready to sail, the property of the assignors. The assignment was to be void on the payment to James D'Wolf of the money due to him ; and if it should not be paid, the assignee to enforce the pledge by process and arrest in all countries or places whatsoever, and to sell the same for the payment of the amount due by them, the assignors, to George D'Wolf. The merchandize for which this action of replevin was instituted, was part of the return cargo of one of the vessels. The defendant, Harris, pleaded that the merchandize was not the property of the plaintiff, but of George D'Wolf and John Smith ; and justified the taking of the goods of the plaintiff, as marshal of the district of Massachusetts, by virtue of a writ of attachment sued out in the district court of the United States for the district of Massachusetts, in which suit judgment was obtained against George D'Wolf. On the trial, the plaintiff in the replevin proved the assignment, that large sums of money were due to him by George D'Wolf and John Smith, that the goods were part of the property assigned, that he had used all proper means to take possession of the goods, but was prevented by the attachment issued by the United States. The defendant proved that the goods were imported into the United States by D'Wolf and Smith, and that at the time of the importation, they were indebted to the United States for duties which were due and unpaid, to an amount exceeding the value of the merchandize attached, and that the Octavia, one of the vessels assigned, with a cargo on board ready for sea, was at New York at the time of the assignment ; which ship was not delivered to James D'Wolf, the assignee, nor were the bills of lading assigned, the cargoes on board the vessels being consigned to the masters for sales and returns.

*By the Court*: In the case of Conard *vs.* The Atlantic Insurance Company, 1 Peters, 306, it was decided that the non delivery of a vessel assigned to secure or pay a bona fide debt, did not make the assignment absolutely void. This court is well satisfied with that opinion.

The deed of assignment conveyed to the assignee a right to the proceeds of the outward bound cargoes on board the vessels assigned to James D'Wolf.

The failure of George D'Wolf to deliver to the assignee the copies of the bills of lading which were in his possession, did not leave the property subject to the attachment of creditors, who had no notice of the deed. It was held in the case of Conard *vs.* The Atlantic Insurance Company, that such a transfer gives the assignee a right to take and hold those proceeds against any person but the consignee of the cargo, or purchaser from the consignee without notice.

[Harris *vs.* D'Wolf.]

That the consignees of the merchandize were indebted to the United States on duty bonds remaining due and unpaid at the time of the importation, did not, under the sixty-second section of the act of March 2, 1799, make the merchandize, as to the United States, the property of the consignees, notwithstanding the assignment; and make the attachment of the United States for the debt due to them sufficient to bar the action of replevin brought by the assignee.

THIS case came before the court by writ of error to the circuit court of Massachusetts.

In the circuit court, the defendant in error instituted an action of replevin to recover a quantity of merchandize claimed by him under a special assignment executed to him by George D. Wolf and John Smith, to secure debts bona fide due to him, and which merchandize had been seized by Samuel D. Harris, the defendant in the suit, as marshal of the United States, under executions issued at the suit of the United States against George D. Wolf and John Smith, on judgments obtained against them for duties. The marshal claimed to hold the merchandize as subject to the executions; and the cause was tried in the circuit court in December 1827, and a verdict under the charge of the court was given for the plaintiff. At the trial, the defendant prayed the court to give certain instructions to the jury, which the court refused to give; to which refusal the defendant excepted, and prosecuted this writ of error. These instructions appear in the opinion of the court.

The case was submitted to the court without argument, by the counsel.

Mr Chief Justice MARSHALL delivered the opinion of the Court.

This is a writ of error to a judgment of the court of the United States, for the first circuit and district of Massachusetts, in an action of replevin claiming the restitution of twenty-three cases of silks which had been attached at the suit of the United States, against George D'Wolf. The property was claimed by the plaintiff in replevin, under a deed dated on the 19th of November 1822, executed by George D'Wolf and John Smith, in which they acknowledged themselves to be severally indebted to the said James

D'Wolf, in large sums of money, and agreed, in consideration thereof, and in consideration of other advances to be made by the said James D'Wolf, to convey, and did convey, to the said James D'Wolf the ship Octavia, then lying in the port of New York nearly ready for sea, and the three brigs Quill, Arab, and Friendship, then actually at sea, their tackle, &c. and the proceeds and investments of their cargoes, &c. which said vessels and cargoes were the property of the said George D'Wolf and John Smith. To this conveyance a condition was annexed, that it should be void on the payment to James D'Wolf of the money which should be due to him ; on the failure to pay which it should be lawful for the said James D'Wolf, at any time or times, to enforce the pledge by process, and arrest of the premises or any part thereof in all courts or places whatsoever, and cause the same to be sold, and the proceeds to be applied in satisfaction of the moneys which may then be due from them, or either of them. The silks were part of the return cargo of one of these vessels.

The defendant pleaded that the said silks were not the property of the plaintiff, but of George D'Wolf and Smith ; and justified the taking thereof, as marshal of the district, by virtue of a writ of attachment sued out of the court of the United States for the said district, in which suit the United States obtained judgment against the said George D'Wolf.

At the trial, the plaintiff proved his deed of assignment, that the silks were part of the proceeds of the cargoes of the ship Octavia and brig Arab, that he had used all proper means to take possession of them, and that they were attached by the defendant, as marshal, by virtue of process sued out by the United States. He also proved debts against George D'Wolf and John Smith, severally, on account of his advances for them, which were intended to be secured by the deed of assignment, to a very large amount.

The defendant proved that the said silks were imported into the United States, consigned to George D'Wolf and John Smith, and that at the time of the importation of said silks, said George D'Wolf and John Smith were indebted to the United States in bonds given by them respectively for

[Harris *vs.* D'Wolf.]

duties which were then due and unpaid, to an amount much exceeding the value of the silks replevied. The defendant also proved, that at the time the deed of assignment was executed, the ship Octavia lay at New York, with her cargo on board, nearly ready for sea; but that possession was not delivered, nor were the bills of lading indorsed or delivered to the plaintiff. The cargoes were consigned to the several masters for sales and returns.

Many other circumstances were given by the plaintiff in evidence, to show the fairness of the deed of assignment; which were met on the part of the defendant by other circumstances, on which he relied to show that in point of law it was fraudulent. These do not affect the opinions given by the circuit court, to which exceptions were taken; and therefore are not recited.

After the testimony was closed, the defendant's counsel moved the court to instruct the jury that the deed of assignment was fraudulent as to creditors, and void. This instruction the court refused to give; but left it to the jury to determine upon all the evidence of the case, whether the said deed was executed with an intent to defraud or delay the creditors of the said George D'Wolf and John Smith, and if so executed, then the same was fraudulent, and void as to such creditors.

As the whole question of fraud was submitted to the jury, it is incumbent on the plaintiff in error, if he would support this exception, to show some defect in the deed itself, which makes it absolutely void as to creditors, whatever may be the fairness of intent with which it was executed. He relies on the fact, that possession of the Octavia was not delivered as making the deed of assignment absolutely void.

This question was decided upon full consideration in the case of Conard *vs.* The Atlantic Insurance Company, 1 Peters, 386, and this court is well satisfied with that opinion.

The counsel for the defendant also prayed the court to instruct the jury, that although the deed of assignment might be valid, it could not transfer a right to the proceeds of the outward bound cargoes; which instruction the court refused to give.

This question also is decided in the case of Conard vs. The Atlantic Insurance Company.

The counsel for the plaintiff also moved the court to instruct the jury, that the failure of George D'Wolf and John Smith to deliver to James D'Wolf the copies of the bills of lading which were in their possession, severally, when the bills of lading were executed, leaves the property subject to the attachment of creditors who had no notice of the deed. This instruction the court refused to give.

In the case of Conard vs. The Atlantic Insurance Company, the court determined that a deed of assignment, such as was executed in this case, was capable of transferring the right to the proceeds of the outward cargo as between the parties; of consequence such transfer gives the assignee a right to take those proceeds and hold them against any person but the consignee of the cargo, or person who is a purchaser from the consignee, without notice. These principles were settled in the case which has been already cited.

The counsel also moved the court to instruct the jury, that if the consignees of the said silks were at the time indebted to the United States, on duty bonds remaining due and unpaid, then, that by virtue of the sixty-second section of the act for the collection of duties, passed the 2d of March 1799, the said goods were, as to the United States, the goods of the said consignees, notwithstanding the said deed, and in the legal custody of the said collector; and that the attachment in favour of the United States was good and sufficient to bar the action.

This instruction was refused.

This question was considered and determined in the case of Harris vs. Dennie, decided at this term.

The questions raised in this cause have all been decided in this court as they were decided by the circuit court. There is no error in the opinions to which exceptions have been taken; and the judgment of the circuit court is affirmed with costs.