JAMES v DEPARTMENT OF MENTAL HEALTH

Docket No. 79186. Submitted March 20, 1985, at Lansing.—Decided June 21, 1985.

> Christine James, an attendant at the Department of Mental Health's Macomb-Oakland Regional Center, was assaulted by a patient. She took a medical leave of absence and received workers' compensation for injuries sustained in the attack. Approximately two months later, James's physician released her to return to work with a light-duty restriction. A physician employed by the center found James to be fit to return to full duty and James's supervisors refused to allow her to return to work with a light-duty restriction. One week later, James received notice that her employment had been terminated. James, a member of the American Federation of State, County and Municipal Employees union, filed a grievance challenging the propriety of the termination of her employment. The grievance was denied, and James submitted an appeal to arbitration, which, she contends, union officials negligently failed to pursue. She filed a complaint against the union in circuit court and filed the instant action against the Department of Mental Health in the Court of Claims. The Court of Claims, Jack W. Warren, J., granted accelerated judgment in favor of defendant on the ground that the Court of Claims lacked jurisdiction over the action. James appealed. *Held:*
>
> The Court of Claims has no supervisory power over the Civil Service Commission, which has constitutional authority to define the procedure for resolution of employment disputes in the state classified service. To grant James the relief she seeks would be to hold that a union and a state agency could

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Civil Service § 22.

See the annotations in the ALR3d/4th Quick Index under Civil Service.

[2] Am Jur 2d, Civil Service §§ 10-12.

Bargainable or negotiable issues in state public employment labor relations. 84 ALR3d 242.

[3] Am Jur 2d, Courts § 33.

See the annotations in the ALR3d/4th Quick Index under Jurisdiction.

abrogate the constitutionally mandated jurisdiction of the commission and confer subject matter jurisdiction on a court which otherwise does not have that jurisdiction.

Affirmed.

1. Courts — Court of Claims — Civil Service Commission.

The Court of Claims has no supervisory power over the Civil Service Commission.

2. Civil Service — Civil Service Commission — Employment Disputes.

The Civil Service Commission has constitutional authority to define the procedure for resolution of employment disputes in the state classified service and, while it has promulgated rules which provide for collective bargaining and permit a union and the state to establish an alternate method of grievance resolution, it retains ultimate authority to review, ratify, modify or reject any agreement negotiated between a union and the state (Const 1963, art 11, § 5; MCL 600.6419; MSA 27A.6419).

3. Courts — Court of Claims — Jurisdiction.

The Court of Claims has no jurisdiction to hear a civil service employee's complaint that the Department of Mental Health agency for which she worked wrongly terminated her employment.

*Brescoll & Associates, P.C.* (by *Nicholas Manikas),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *George L. McCargar* and *Thomas R. Wheeker,* Assistants Attorney General, for defendant.

Before: R. B. Burns, P.J., and R. M. Maher and Allen, JJ.

Per Curiam. Plaintiff appeals from an order granting accelerated judgment in favor of defendant. The lower court found that the Court of

Claims lacked jurisdiction over this action. We affirm.

In the course of her employment as an attendant at Macomb-Oakland Regional Center, an agency of the Department of Mental Health, plaintiff was assaulted by a patient on September 16, 1980. She took a medical leave of absence commencing November 15, 1980, and received workers' compensation for injuries sustained in the attack.

Plaintiff's physician released her to return to work on January 26, 1981, with a light-duty restriction. Plaintiff reported to work on that date and the facility physician advised plaintiff that she was physically fit to return to full duty. Plaintiff alleges that she was forced to accept a leave of absence because the facility's supervisors refused to allow her to return to work because of her physical restriction. On February 3, 1981, plaintiff received notice that her employment had been terminated.

Pursuant to the terms of the collective bargaining agreement in effect between defendant and the American Federation of State, County and Municipal Employees (AFSCME), of which plaintiff was a member, plaintiff filed a grievance challenging the propriety of her termination. The grievance was denied April 24, 1981. Plaintiff then timely submitted an appeal to arbitration which, plaintiff contends, union officials negligently failed to pursue. She filed a complaint against the union in Macomb County Circuit Court and instituted this action against defendant in the Court of Claims.

Plaintiff claims that she is excused from exhausting nonjudicial remedies in this case because the collective bargaining argreement precluded her from utilizing Civil Service Commission appeal

procedures,[1] and the alleged unfair representation by her union representatives denied her the remedies under the collective bargaining agreement. Plaintiff claims she is entitled to pursue an original action in the Court of Claims.

The Court of Claims is a court of limited jurisdiction. While the Court of Claims has exclusive jurisdiction over all original contract actions against the state, it has no supervisory power over the Civil Service Commission. MCL 600.6419; MSA 27A.6419; *Bays v Dep't of State Police,* 89 Mich App 356, 362; 280 NW2d 526 (1979). As an employee of the state, the terms and conditions of plaintiff's employment were subject to the authority and control of the Civil Service Commission. Const 1963, art 11, § 5; *Dudkin v Civil Service Comm,* 127 Mich App 397; 339 NW2d 190 (1983). The commission has constitutional authority to define the procedure for resolution of employment disputes in the state classified service. *Viculin v Dep't of Civil Service,* 386 Mich 375; 192 NW2d 449 (1971). The commission has promulgated rules which provide for collective bargaining and permit a union and the state to establish an alternate method of grievance resolution. Civil Service Commission Rule 6-1.2, 6-9.8. The commission, however, retains ultimate authority to review, ratify, modify or reject any agreement negotiated between a union and the state. Commission Rule 6-9.5.

To adopt plaintiff's argument would mean that a union and a state agency could abrogate the constitutionally mandated jurisdiction of the commis-

---

[1] The collective bargaining agreement provides for arbitration at step 4 of the grievance process and also provides that: "The decision of the Arbitrator will be final and binding on all parties to this Agreement. Arbitration decisions will not be appealed to the Civil Service Commission."

sion and confer subject matter jurisdiction on a court which otherwise does not have that jurisdiction. We hold that the lower court correctly held it was without jurisdiction in this matter. See *Samuel v Dep't of Mental Health,* 140 Mich App 101; 364 NW2d 294 (1985); *Buys, supra.*

We note that plaintiff was not without a remedy. Upon learning of the alleged improper conduct of her union, she could have filed an unfair labor charge with the Civil Service Commission which has the authority to fashion an appropriate remedy. Civil Service Commission Rule 6-12.1.

Affirmed. No costs.