BONNEVILLE v MICHIGAN CORRECTIONS ORGANIZATION,
SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 526M,
AFL-CIO

Docket No. 125439. Submitted October 2, 1990, at Marquette. Decided
    April 18, 1991; approved for publication July 30, 1991, at 9:00
    A.M.

    Rod Bonneville and nine other corrections officers brought an
    action in the Chippewa Circuit Court, against the Michigan
    Corrections Organization, Service Employees International Un-
    ion, Local 526M, AFL-CIO, alleging that the union breached its
    duty of fair representation by failing to arbitrate a grievance
    against the Department of Corrections. The court, Nicholas J.
    Lambros, J., ruling that it lacked subject-matter jurisdiction
    because the plaintiffs had failed to exhaust administrative
    remedies, granted summary disposition for the union. The
    plaintiffs appealed.

    The Court of Appeals *held:*

    1. The plaintiffs, as employees of the Department of Correc-
    tions, are members of the state classified civil service whose
    terms and conditions of employment are regulated by the Civil
    Service Commission.

    2. Under the commission's policies governing collective bar-
    gaining by civil service employees, a union chosen as an exclu-
    sive collective bargaining agent has a duty of fair representa-
    tion, the breach of which constitutes an unfair labor practice.
    The commission's policies also provide that complaints of unfair
    labor practice must be filed with the director of the commis-
    sion.

    3. Where an administrative grievance procedure is provided,
    exhaustion of that remedy is necessary before review by a
    court.

    Affirmed.

LABOR RELATIONS — CIVIL SERVICE — FAIR REPRESENTATION — JURIS-
    DICTION.

    A court lacks jurisdiction over a claim by members of the state

REFERENCES
Am Jur 2d, Civil Service § 80; Labor and Labor Relations § 1769.
See the Index to Annotations under Civil Service; Exhaustion of
    Remedies; Unfair Labor Practices.

classified civil service that their labor union has breached its duty of fair representation unless the claimants have filed with the Director of the Civil Service Commission a complaint of unfair labor practice concerning the alleged breach of duty and have exhausted administrative remedies available through the commission (MCL 24.301; MSA 3.560[201]).

*Charles G. Hoffman,* for the plaintiffs.

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Eileen Nowikowski* and *Michael D. McFerren*), for the defendant.

Before: MURPHY, P.J., and BRENNAN and MARILYN KELLY, JJ.

PER CURIAM. Plaintiffs appeal as of right a January 8, 1989, order granting summary disposition in favor of defendant and dismissing plaintiffs' fair-representation claim. We affirm.

The facts are undisputed. The ten plaintiffs are all corrections officers at the Kinross Correctional Facility and are members of the bargaining unit represented by defendant. In March 1988, plaintiffs, as a class, filed a grievance with defendant, claiming that they were performing work at a higher classification than that for which they were being paid. The union appealed the claim through the third step of the grievance procedure, but the claim was again denied. On August 17, 1988, the union sent plaintiff Bonneville a letter explaining its decision not to bring the grievance to arbitration, which would have been the next step in the grievance procedure. The letter stated that plaintiffs had thirty days in which to file a written appeal regarding the union's decision not to arbitrate.

That same month, plaintiffs filed a complaint in the Chippewa Circuit Court, alleging that defendant had breached its duty of fair representation,

which it owed to them as members of that organization, by not pursuing the matter through arbitration. Defendant then filed a motion for summary disposition, claiming that the court lacked subject-matter jurisdiction because plaintiffs failed to exhaust their administrative remedies. The trial court agreed with defendant, and granted its motion for summary disposition pursuant to MCR 2.116(C)(4) and (10).

On appeal, plaintiffs claim that the trial court erred in granting summary disposition to defendant on the ground that plaintiffs failed to exhaust their administrative remedies before bringing their claim of breach of the duty of fair representation in circuit court. We disagree.

Plaintiffs, as employees of the Department of Corrections, are members of the state classified civil service. As such, the terms and conditions of plaintiffs' employment are regulated by the Civil Service Commission, which has plenary and absolute authority in that respect, Const 1963, art 11, § 5. The commission determines the procedures by which a grievance is reviewed. *Viculin v Dep't of Civil Service,* 386 Mich 375, 393; 192 NW2d 449 (1971); *Doster v Dep't of Mental Health,* 161 Mich App 436, 441; 411 NW2d 725 (1987); *James v Dep't of Mental Health,* 145 Mich App 229, 232; 377 NW2d 824 (1985); *Samuel v Dep't of Mental Health,* 140 Mich App 101, 109; 364 NW2d 294 (1985).

The commission has set up an Employee Relations Policy (ERP) that establishes a system of collective bargaining for civil service employees. Under that policy, the union chosen as the exclusive bargaining representative has a duty of fair representation. ERP, § 6-8.2. A breach of that duty of fair representation is considered to be an unfair labor practice. ERP, § 6-11.1; *O'Keefe v Dep't of*

*Social Services,* 162 Mich App 498; 413 NW2d 32 (1987). Complaints against the union are to be filed with the director of the commission. Erp, § 6-12.1. In addition, the commission has established an administrative procedure for the processing of complaints of unfair labor practice. Erp, § 4-101 through § 4-501. *James, supra,* p 233.

It is well established that where an administrative grievance procedure is provided, exhaustion of that remedy, except where excused, is necessary before review by the courts. MCL 24.301; MSA 3.560 (201). *O'Keefe, supra,* pp 505-506; *Provincial House, Inc v Dep't of Social Services,* 167 Mich App 1, 10; 422 NW2d 241 (1988). *Samuel, supra,* p 109. A court may review nonfinal agency actions only if a final agency decision or order would not provide the complainant with an adequate remedy. MCL 24.301; MSA 3.560(201); *IBM v Dep't of Treasury,* 75 Mich App 604, 609-610; 255 NW2d 702 (1977). The policy reasons for the rule of exhaustion of administrative remedies are as follows:

> (1) an untimely resort to the courts may result in delay and disruption of an otherwise cohesive administrative scheme; (2) judicial review is best made upon a full factual record developed before the agency; (3) resolution of the issues may require the accumulated technical competence of the agency or may have been entrusted by the Legislature to the agency's discretion; and (4) a successful agency settlement of the dispute may render a judicial resolution unnecessary. [*IBM, supra,* p 610.]

Plaintiffs admit that they did not exhaust their administrative remedies, but contend that resort to administrative procedures was optional because the circuit court has concurrent jurisdiction with the administrative bodies in this area. In support of their position, plaintiffs rely on *Demings v*

*Ecorse,* 423 Mich 49; 377 NW2d 275 (1985), arguing that the rationale in *Demings* is applicable to the present situation. However, we find plaintiffs' reliance on *Demings* misplaced.

In *Demings,* our Supreme Court held that the circuit court had concurrent jurisdiction with the Employment Relations Commission over claims of breach of a duty of fair representation brought under the public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq. Demings, supra,* pp 56-57. The Court reasoned that because the PERA was patterned after the National Labor Relations Act, 29 US 151 *et seq.,* which allows for concurrent jurisdiction, the courts of this state have concurrent jurisdiction under the PERA as well. *Demings,* pp 59, 63, 68. However, classified civil service employees are not covered by the PERA. As discussed above, the Civil Service Commission has constitutionally mandated power over its employees and has ultimate authority to establish grievance procedures for them. Therefore, the rationale in *Demings* is inapplicable to the present situation.

Plaintiffs distinguish the instant case from *O'Keefe, supra,* asserting that because the plaintiff in that case had begun pursuing administrative remedies, he was obliged to see it through to completion. Plaintiffs argue that in situations of concurrent jurisdiction the rule of exhaustion of administrative remedies does not apply. However, we are unpersuaded by plaintiffs' claim of concurrent jurisdiction, and note that *O'Keefe* did not limit its holding as plaintiffs suggest.

Because plaintiffs did not show that their failure to exhaust administrative remedies was excused, the circuit court properly determined that it lacked subject-matter jurisdiction.

Affirmed.