NUMMER v DEPARTMENT OF TREASURY

Docket No. 139570. Submitted May 5, 1993, at Lansing. Decided July 19, 1993, at 9:55 A.M. Leave to appeal sought.

David Nummer brought an action in the Ingham Circuit Court against the Department of Treasury, alleging breach of an employment contract and race and sex discrimination in violation of the Civil Rights Act. The defendant sought summary disposition, arguing that the plaintiff was collaterally estopped from litigating those issues because they had been litigated previously before the Civil Service Commission. The court, James R. Giddings, J., granted the motion, holding that the plaintiff's complaint was barred by collateral estoppel, on the basis of the following facts. The plaintiff filed a grievance with the Department of Civil Service alleging violation of a promise not to transfer him and that his transfer was the result of race and sex discrimination. A hearing officer denied the grievance, and the Employment Relations Board denied leave to appeal the hearing officer's decision. The Civil Service Commission issued a final decision approving the determination of the Employment Relations Board. The plaintiff appealed that decision to the Ingham Circuit Court, and the court, Michael G. Harrison, J., upheld the Civil Service Commission's decision. Before the circuit court's affirmance, the plaintiff filed the complaint that was dismissed by Judge Giddings. The plaintiff appealed from the order granting summary disposition.

The Court of Appeals *held:*

1. Where the initial forum is an administrative agency, the doctrine of collateral estoppel is to be applied only when the procedures are adjudicatory in nature, a method of appeal is provided, and it is clear that the Legislature intended to make the determination final in the absence of an appeal. The doctrine is not to be applied if it is incompatible with a legislative policy that permits a court to make an independent

REFERENCES
Am Jur 2d, Administrative Law §§ 500-502; Civil Rights § 370.
See ALR Index under Administrative Law; Civil Rights; Collateral Estoppel.

determination of an issue in question in a subsequent civil proceeding.

2. The Legislature, in enacting the Civil Rights Act, chose to set aside the principles of collateral estoppel and to countenance a multiplicity of litigation in civil rights cases. The Legislature intended that civil rights litigants have "two bites of the apple," even if two separate proceedings reach opposite results or engender repetitious or needless litigation in violation of the principles of collateral estoppel.

3. The doctrine of collateral estoppel does not preclude the plaintiff from bringing his race and sex discrimination claims in the circuit court, despite the fact that he litigated the issues before the Civil Service Commission, whose final decision was affirmed by the circuit court. The Civil Rights Act allows the plaintiff to pursue a civil rights action in both forums. The order of summary disposition must be reversed with regard to the claims of race and sex discrimination.

4. Collateral estoppel does preclude the plaintiff from bringing a separate action in the circuit court alleging breach of contract. The order of summary disposition must be affirmed with regard to the claim of breach of contract.

Affirmed in part, reversed in part, and remanded.

1. CIVIL RIGHTS — ACTIONS — COLLATERAL ESTOPPEL.

The Legislature, in enacting the Civil Rights Act, chose to set aside the principles of collateral estoppel in civil rights cases and to countenance a multiplicity of litigation; therefore, a plaintiff whose civil rights claim is denied by the Civil Service Commission, the decision of which is affirmed by the circuit court, may file an original action in the circuit court, which may conclude otherwise and award injunctive relief or damages, including costs and reasonable attorney fees (MCL 37.2101 et seq.; MSA 3.548[101] et seq.).

2. ESTOPPEL — COLLATERAL ESTOPPEL — ADMINISTRATIVE LAW — ACTIONS.

Collateral estoppel precludes a state civil service employee from bringing an action in the circuit court alleging breach of an employment contract where the Civil Service Commission has determined that no breach occurred and that decision has been affirmed by the circuit court.

*Green & Green* (by *Philip Green*), for the plaintiff.

*Frank J. Kelley*, Attorney General, *Thomas L.*

*Casey,* Solicitor General, and *Gary P. Gordon,* Assistant Attorney General, for the defendant.

Before: WAHLS, P.J., and SHEPHERD and CAVANAGH, JJ.

SHEPHERD, J. Plaintiff appeals as of right a March 28, 1991, order granting defendant's motion for summary disposition, dismissing plaintiff's breach of contract claim and his race and sex discrimination claims under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.* We affirm in part, reverse in part, and remand for additional proceedings.

I

Plaintiff began working for defendant as an auditor in 1970. In 1978, he was assigned to the intelligence unit in the Tax Fraud Division. In 1987, plaintiff and all other Tax Fraud Division auditors were transferred to the newly formed Discovery Division within the Department of Treasury. Soon thereafter, plaintiff filed a grievance with the Department of Civil Service, alleging that his transfer violated an enforceable promise made by defendant that he would continue in the Tax Fraud Division and was the result of race and sex discrimination.

On June 17, 1988, a hearing officer denied the grievance, finding no evidence to establish that there was a valid and enforceable promise not to transfer plaintiff. In addition, the hearing officer found no evidence showing race or sex discrimination, and that the transfer was based upon legitimate business considerations. Plaintiff then sought leave to appeal the hearing officer's decision, which the Employment Relations Board denied on

November 7, 1988. On January 20, 1989, the Civil Service Commission issued a final decision approving the determination of the Employment Relations Board. Subsequently, plaintiff appealed to the circuit court, which upheld the Civil Service Commission's decision in an order dated January 5, 1990.

However, just before the circuit court's affirmance, plaintiff filed a complaint in the circuit court, alleging a breach of contract and race and sex discrimination in violation of the Civil Rights Act. In response, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(7), arguing that plaintiff was collaterally estopped from litigating these issues because they had been litigated previously before the Civil Service Commission. On March 13, 1991, the trial court granted defendant's motion, holding that plaintiff's complaint was barred by collateral estoppel.

On appeal, the principal question before us is whether decisions of the Civil Service Commission have collateral estoppel effect in a subsequent lawsuit filed in circuit court alleging race and sex discrimination in violation of the Civil Rights Act.

II

It is established law in this state that when the initial forum is an administrative agency, the doctrine of collateral estoppel is to be applied only when the procedures are adjudicatory in nature, when a method of appeal is provided, and when it is clear that the Legislature intended to make the determination final in the absence of an appeal. *Storey v Meijer, Inc,* 431 Mich 368, 373; 429 NW2d 169 (1988); *Senior Accountants, Analysts & Appraisers Ass'n v Detroit,* 399 Mich 449, 457-458; 249 NW2d 121 (1976). However, the doctrine of

collateral estoppel is not to be applied if it is incompatible with a legislative policy that permits a court to make an independent determination of an issue in question in a subsequent civil proceeding. *Storey, supra,* p 377; 2 Restatement Judgments, 2d, § 83, p 267.

Under the Civil Rights Act, MCL 37.2101 *et seq.*; MSA 3.548(101) *et seq.*, employers are prohibited from discriminating against individuals on the basis of race or sex. MCL 37.2202; MSA 3.548(202); *Walters v Dep't of Treasury,* 148 Mich App 809, 815; 385 NW2d 695 (1986). An individual aggrieved by an employer's violation of the Civil Rights Act may file a complaint with the Department of Civil Rights to be heard by the Civil Rights Commission, MCL 37.2601- 37.2605; MSA 3.548(601)-3.548(605), or bring an action in the circuit court for appropriate injunctive relief or damages, MCL 37.2801; MSA 3.548(801). *Walters,* p 815; *Marsh v Dep't of Civil Service,* 142 Mich App 557, 562; 370 NW2d 613 (1985). The Civil Rights Commission and the circuit court have concurrent jurisdiction over civil rights claims, and an aggrieved individual may proceed simultaneously in both forums. *Walters,* p 815; *Marsh,* p 563. Exhaustion of administrative remedies is not required before filing suit in the circuit court. *Walters,* p 816; *Marsh,* pp 562-563.

In *Marsh,* this Court held that the plaintiff was entitled to pursue in the circuit court an action alleging sex discrimination, even after the plaintiff had fully exhausted the civil service grievance procedures, including an appeal to the Civil Service Commission. A similar conclusion was reached in *Walters,* where this Court held that the plaintiff was not required to exhaust administrative remedies before filing an action in the circuit court for violation of her civil rights. See also *DeMara v Governor,* 183 Mich App 87; 454 NW2d 401 (1990),

where this Court held that a military reservist need not pursue his administrative remedies before filing an age discrimination suit in the circuit court.

When construing statutory provisions, courts are to ascertain and give effect to the intent of the Legislature. *Storey, supra,* p 376. Where the language of the statute is clear and unambiguous, no further interpretation is necessary. *Id.*

It is clear that in enacting the Civil Rights Act, the Legislature chose to set aside the principles of collateral estoppel in civil rights cases and to countenance a multiplicity of litigation. As provided by the statutory scheme, the Legislature intended to permit civil rights litigants to have "two bites of the apple," even if two separate proceedings reach opposite results or engender repetitious and perhaps needless litigation in violation of the principles of collateral estoppel. As this Court noted in *Walters, supra,* p 819, quoting *Pompey v General Motors Corp,* 385 Mich 537, 560; 189 NW2d 243 (1971), a civil action for the redress of a violation of a civil rights statute may be pursued in addition to " 'the remedial [administrative] machinery provided by statute.' " Thus, a plaintiff whose civil rights claim is denied by the Civil Service Commission may file an original action in the circuit court, which may conclude otherwise and award injunctive relief or damages, including costs and reasonable attorney fees.

III

Applying the foregoing analysis to the instant case, we hold that the doctrine of collateral estoppel does not preclude plaintiff from bringing his race and sex discrimination claims in the circuit court, despite the fact that plaintiff litigated the

issues before the Civil Service Commission, whose final decision was affirmed by the circuit court.

To hold otherwise would allow a plaintiff to exhaust the administrative grievance procedures, not appeal, and then initiate a separate action for a civil rights violation in the circuit court, e.g., *Marsh, supra,* but not allow a plaintiff to exhaust administrative procedures, appeal to the circuit court, and then commence a civil rights cause of action in the circuit court. This disparity in treatment would be inconsistent with the clear legislative policy underpinning the Civil Rights Act, which expressly allows a plaintiff to pursue a civil rights action in both forums. In this regard, we note that in the appeal of the administrative decision in this action the circuit court was sitting, not as a court of original jurisdiction, but as an appellate court, and, thus, was reviewing the decision of the Civil Service Commission to determine whether its decision was supported by competent, material, and substantial evidence. Const 1963, art 6, § 28; *Marsh, supra,* pp 560-561, n 1. Although it is true that the circuit court decided both cases, that court was acting in different capacities.

Furthermore, we note that the trial court's reliance upon *O'Keefe v Dep't of Social Services,* 162 Mich App 498; 413 NW2d 32 (1987), is misplaced because that case does not address the collateral estoppel effect of an administrative decision in a civil rights case. In *O'Keefe,* the plaintiff filed an action in the circuit court alleging various claims, including a violation of the right of fair representation and breach of contract, after the Civil Service Commission affirmed a decision of a hearing officer dismissing the plaintiff's charge of unfair labor practice. This Court concluded that, under the doctrine of collateral estoppel, the hearing officer's determination that there was no breach of

the duty of fair representation precluded the plaintiff from bringing a separate action for breach of contract. *Id.,* p 510. Although collateral estoppel does preclude plaintiff in the instant case as well from bringing a separate action in the circuit court for a breach of contract, it does not prevent him from pursuing his race and sex discrimination claims.

Accordingly, we affirm the trial court's grant of summary disposition in favor of defendant regarding plaintiff's breach of contract claim, but reverse regarding plaintiff's race and sex discrimination claims under the Civil Rights Act, and remand for further proceedings regarding those claims only.

Affirmed in part, reversed in part, and remanded.