Kelly, J.
Plaintiffs appeal as of right from an order approving a settlement agreement in this medical mal *569 practice action arising out of the birth of Thomell Bowden, Jr., who suffered a brain injury and severe neonatal complications. We reverse and remand for further proceedings consistent with this opinion.
I. BASIC FACTS AND PROCEDURAL HISTORY
As a result of defendant’s alleged malpractice, plaintiff, Thomell Bowden, Jr. (Thomell), experienced excessively prolonged fetal distress that caused severe and permanent injury to his brain upon his birth. Renee Rawls (Rawls), Thomell’s mother, was appointed as his next friend, so that she might commence suit on his behalf. Rawls and Thomell Bow-den, Sr. (Bowden), the child’s father, retained the law firm of Mindell, Panzer, Kutinsky and Benson, which, through Thomas Mulcahy, filed a lawsuit against defendant hospital on their behalf and on behalf of their minor son.
The case proceeded to discoveiy and mediation. The mediators returned a mediation evaluation of $1 million in plaintiffs’ favor, which the parties did not accept. Ultimately, the parties agreed to have a retired judge facilitate the case. On May 11, 2000, the judge returned an award in plaintiffs’ favor for $1,245 million. In addition, the award also provided for the establishment of a special needs trust that protected all of Thomell’s governmental benefits. The facilitator’s award required court approval. All parties to the facilitation approved the award, including Rawls and Bowden. After extensive consultation with their attorney and weighing all of the risks inherent in proceeding to trial, Rawls and Bowden signed the facilitation award.
However, shortly thereafter, Rawls and Bowden became dissatisfied with the award. On advice from a *570 friend, Rawls and Bowden contacted Gilbert Spencer, of the Spencer and Maston law firm in New York. Apparently, after reviewing some documentation, Spencer opined that the case was worth much more than the facilitation award reflected and that he could procure a greater recovery.
In the interim, Mulcahy filed a motion for the court’s approval of the settlement. On June 21, 2000, plaintiffs signed and served Mulcahy with a letter discharging his firm. The letter further directed him to relinquish plaintiffs’ files to Spencer’s law firm and to withdraw the motion to approve the settlement that had been submitted in the trial court. Also on June 21, 2000, the guardian ad litem representing Thomell’s interests filed a report and recommendation approving the settlement agreement, but one day later the guardian wrote Mulcahy a letter withdrawing his previous recommendation.
Despite the letter ostensibly discharging him, Mul-cahy nevertheless appeared before the trial court on June 23, 2000, and informed the court of the facilitated settlement as well as of his clients’ wish to substitute attorneys. Mulcahy strenuously urged the trial court to enter an order approving the facilitation award, maintaining that it was in Thomell’s best interests. Neither Rawls nor Bowden appeared at this hearing. Nevertheless, the trial court declined to allow substitution of counsel and made a finding that the facilitated award served Thomell’s best interests. After expressly reserving the possibility of taking testimony from Rawls and Bowden, the trial court entered an “Order Approving Settlement on Behalf of Thomell Bowden, a Minor,” which order effectuated the terms of the facilitation award.
*571 A hearing pursuant to a show cause proceeding initiated by Spencer to have his law firm formally undertake representation was held before the trial court on June 30, 2000. During this hearing, the trial court heard testimony from both Rawls and Bowden wherein they both indicated that at the time that they signed the facilitation award, they both believed that it was in Thomell’s best interests. At the close of the hearing, without observing the injuries sustained by the minor child for purposes of assessing the propriety of the ultimate award, the trial court once again found that the facilitation award served Thor-nell’s best interests. Consistent with its ruling, the trial court granted plaintiffs’ request for substitution of counsel, approved the facilitation award, and dismissed the case. The trial court denied plaintiffs’ motion to vacate its orders dated June 23, 2000, and June 30, 2000, approving the settlement and effectuating its terms. Plaintiffs appeal as of right.
H. MCR 2.420
Although contract principles govern settlement agreements, a settlement agreement is not enforceable if it does not also satisfy the requirements of any relevant court rule. Michigan Mut Ins Co v Indiana Ins Co, 247 Mich App 480, 484-485; 637 NW2d 232 (2001).
MCR 2.420 governs entries of settlements in an action brought on behalf of a minor or otherwise legally incapacitated person by a next friend. MCR 2.420(A). Section B delineates the procedure for entry of a judgment on a proposed settlement for the benefit of a minor and provides in pertinent part:
*572 In actions covered by this rule, a proposed consent judgment, settlement, or dismissal pursuant to settlement must be brought before the judge to whom the action is assigned and the judge shall pass on the fairness of the proposal.
(1) If the claim is for damages because of personal injury to the minor . . .,
(a) the minor . . . shall appear in court personally to allow the judge an opportunity to observe the nature of the injury unless, for good cause, the judge excuses the minor’s . . . presence, and
(b) the judge may require medical testimony, by deposition or in court, if not satisfied of the extent of the injury.
(2) If the next friend ... is a person who has made a claim in the same action and will share in the settlement or judgment of the minor . . . then a guardian ad litem for the minor .. ., must be appointed by the judge before whom the action is pending to approve the settlement or judgment.
(3) If a next friend . . . has been appointed by a probate court, the terms of the proposed settlement or judgment may be approved by the court in which the action is pending upon a finding that the payment arrangement is in the best interests of the minor.... [MCR 2.420(B) (emphasis added).]
Recognizing that “a parent has no authority to compromise an unliquidated claim or to liquidate a claim on behalf of a child absent the formal procedures and proper supervision suggested by the court rule,” it is self-evident that MCR 2.420 seeks to protect an interested minor child’s rights in settlement of a claim. Smith v YMCA of Benton Harbor/St Joseph, 216 Mich App 552, 556; 550 NW2d 262 (1996) (emphasis omitted). With that fundamental purpose in mind, the procedures outlined in § B are thus designed to maintain the integrity of the process through which guardians and other individuals work toward settling claims on a minor’s behalf in a manner commensurate with the minor’s best interests.
*573 Because serving the best interests of the minor is of paramount concern, where a next friend acting on a minor’s behalf brings a claim in the same action and thus stands to benefit from the settlement, then according to MCR 2.420(B)(2), the court “must” appoint a guardian ad litem to represent the minor’s legal interests and thus secure the minor’s best interests during any and all proceedings. According to court rule, once appointed, the guardian ad litem “shall conduct an investigation and shall make a report in open court or file a written report of the investigation and recommendations.” MCR 5.121(C). Though perhaps inadmissible pursuant to the formal rules of evidence, the court “may” consider and rely on the report to the extent of its probative value with respect to the issue presented to the court for review and ultimate disposition. MCR 5.121(D). The court rule does not indicate that the court “must” or “shall” rely on the information contained therein.
In other words, the guardian ad litem’s recommendation is not dispositive; the court’s decision is. Because the guardian ad litem represents the minor child, the guardian is the child’s legal advocate for purposes of the proceedings, and if the guardian does not agree with the terms of the settlement, then the court may set the matter for a full evidentiary hearing, take testimony from the guardian, make an independent determination regarding whether the settlement serves the minor child’s best interests, and then “pass on the fairness of the proposal” in accord with MCR 2.420(B).
In the instant case, the guardian withdrew his recommendation approving the settlement. However, instead of setting the matter for an evidentiary hearing, the trial court, in complete derogation of MCR *574 2.420(B), proceeded to enter a judgment on the signed settlement agreement and thus bound the minor child to the terms of the agreement without an independent assessment of whether the resultant agreement was “fair” and thus served the minor child’s best interests. The terms contained in MCR 2.420 are clear and unambiguous. Any proposed consent judgment “must be brought” before the court so that the judge might pass upon the fairness of the proposal. MCR 2.420(B). Moreover, when the claim is for damages arising from a personal injury, the court rule provides that the minor must appear to permit the court to observe the nature and extent of the injuries so that the court may evaluate the fairness of the proposal in light of the injuries sustained. We would point out that the mandatory language contained in MCR 2.420 imparts that the procedures delineated in § B are not mere suggestions.
In the case sub judice, the trial court neither held a hearing to determine whether the settlement served the minor’s best interests nor did it require that the minor appear in court or otherwise state, on the record, the good cause underlying its decision to excuse the minor’s presence. Instead, after determining to go forward with placing the terms of the settlement agreement on the record, the trial court made a terse statement that the settlement agreement served the minor’s best interests. A terse statement of the ultimate issue without a hearing to determine its factual underpinnings is not a proper “finding” for purposes of determining whether a settlement serves the best interests of the minor.
With respect to this point, we recount the situation in Pelshaw v Barnett, 170 Mich App 280; 427 NW2d 616 (1988), mod 431 Mich 910 (1988), wherein this *575 Court affirmed the trial court’s order declining to set aside an acceptance of a mediation evaluation by an individual acting as next friend of a minor in an action seeking damages for personal injury. In Pel-shaw, supra at 286, this Court found that a party’s acceptance of a mediation award is akin to the consent judgment, thus triggering application of MCR 2.420 “given its purpose of protecting a minor’s interest.”
In that case, this Court specifically noted that the plaintiff did not request a hearing pursuant to MCR 2.420(B) and did not otherwise object when the court failed to conduct such a hearing. Notwithstanding the absence of a hearing, this Court concluded that remanding the case was unnecessary because the trial court “essentially complied” with MCR 2.420(B). Pel-shaw, supra at 286. Our Supreme Court did not agree and, in a subsequent order entered in lieu of granting leave to appeal, expressed that disagreement by modifying this Corut’s judgment, remanding the case to the trial court, and further directing the trial court to “conduct a hearing to determine if the settlement. . . is fair and in the minor’s best interest as provided in MCR 2.420(B).“ See Pelshaw v Barnett, 431 Mich 910 (1988).
Certainly, it would be wise to avoid repheating prior errors. Because the trial court did not hold a hearing to assess whether the proposed settlement served the minor child’s best interests but rather proceeded in utter disregard for the procedures contained in MCR 2.420(B), we thus remand to the trial court with the instruction to conduct a hearing and therein determine whether the proposed, signed agreement purporting to settle the minor child’s *576 claims is fair and serves the minor child’s best interests.[1]
Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.
Jansen, J., concurred.

 Plaintiffs also present myriad arguments, all of which evince an attempt to challenge the validity and enforceability of the settlement agreement. In light of our resolution, we need not address at length those arguments because it is evident to us that the trial court abused its discretion by proceeding with a hearing regarding the approval of the previously executed settlement agreement, where plaintiffs wished to argue that the settlement was not in the child’s best interests, where plaintiffs’ attorney proceeded with the hearing to approve in direct contravention of his clients’ position and wishes, and where plaintiffs’ new counsel was not allowed to timely substitute for previous counsel in order to present plaintiffs’ new position. See In re Conley, 216 Mich App 41, 45-46; 549 NW2d 353 (1996); see also Ambrose v Detroit Edison Co, 65 Mich App 484, 488-489; 237 NW2d 520 (1975). Plaintiffs were entitled to a full and fair hearing with counsel of their choosing to set forth their position and explain their concerns.