*In re* HARPER

Docket No. 309478. Submitted August 14. 2013, at Detroit. Decided August 29, 2013, at 9:00 a.m.

The Genesee Circuit Court, Family Division granted the Department of Human Service's (DHS's) petition to assert jurisdiction over respondent Chelsea Bobbit's minor child in 2010 and respondent's name was placed on petitioner's central registry. The court, John A. Gadola, J., terminated its jurisdiction over the child in 2011 and closed the case. At that same hearing, respondent requested that her name be removed from the DHS central registry because she wanted to pursue a career in nursing; the lawyer-guardian ad litem joined in the request. The court granted the motion and DHS appealed by delayed leave granted.

The Court of Appeals *held*:

1. MCL 722.627(1) requires the department to maintain a statewide, electronic central registry, which contains reports and records related to child protective proceedings. MCL 722.627(5), (6), and (7) create a statutory scheme that allows a person who is the subject of a report or record made under the Child Protection Law, MCL 722.621 *et seq.*, to request the department to remove his or her name from the central registry. If the department refuses to remove that individual's name, MCL 722.627(6) requires the department to hold a hearing under the administrative procedures act, MCL 24.201 *et seq.*, to determine whether the report or record is not relevant or accurate evidence of neglect. Under MCL 722.627(7), the department must expunge the individual's name from the central registry if no evidence is found to support a finding of abuse or neglect. Because the department has exclusive jurisdiction in maintaining and removing a person's name from the central registry, the trial court erred by granting respondent's motion to expunge her name; the trial court lacked jurisdiction because respondent failed to exhaust her administrative remedies before making the request for expunction in the trial court.

2. MCL 712A.6 grants courts jurisdiction over adults when it is necessary for the physical, mental, or moral well-being of a particular juvenile under its jurisdiction. In this case, the trial court did not have jurisdiction under MCL 712A.6 to order

expunction of respondent's name from the central registry. There was no evidence that respondent's goal of becoming a nurse or removal of her name from the registry was necessary to the child's physical, mental, or moral well-being. In addition, MCL 722.627 specifically addresses expunction from the central registry and that statutory scheme prevails over MCL 712A.6, the more general statute.

3. Respondent was not excused from exhausting her administrative remedies before moving for expunction from the central registry in the trial court. A full, factual record was necessary for proper review of the facts, the department maintains the registry and is most knowledgeable regarding when and if someone's name should be removed, and the agency may have removed her name if an administrative hearing had been conducted.

4. Respondent waived her claim that petitioner's delays in processing her request for expunction violated her due process rights because she did not raise the issue in the trial court or offer any evidence in support.

5. MCL 712A.17d(1)(*l*) allows a lawyer-guardian ad litem to request authorization by the court to pursue issues on the child's behalf that do not arise specifically from the court appointment. The lawyer-guardian ad litem could not seek expunction of respondent's name from the central registry under MCL 712A.17d(1)(*i*) because: (1) a lawyer-guardian ad litem's broad power under MCL 712A.17d(1)(*l*) to pursue interests on the child's behalf does not prevail over MCL 722.627, which creates a specific statutory scheme granting the department authority to control expunction from the central registry; and (2) under MCL 722.627(5), respondent, as the person who was the subject of a report or record in the central registry, was the party who could request expunction, not the lawyer-guardian ad litem.

Vacated and remanded for further proceedings.

ADMINISTRATIVE LAW — DEPARTMENT OF HUMAN SERVICES — JURISDICTION — CENTRAL REGISTRY — EXPUNCTION OF NAME.

The Department of Human Services, which is required to maintain a statewide, electronic central registry that contains reports and records related to child protective proceedings, has exclusive jurisdiction in maintaining and removing a person's name from that registry; a person who is the subject of a report or record in the central registry and seeks expunction of his or her name from that registry, must exhaust his or her administrative remedies under MCL 722.627 before seeking review of the department's decision in circuit court.

*University of Michigan Law School Child Advocacy Law Clinic* (by *Vivek S. Sankaran*), for Chelsea Bobbitt.

*Bill Schuette*, Attorney General, *John J. Bursch*, Solicitor General, *Richard A. Bandstra*, Chief Legal Counsel, and *Kristin M. Heyse* and *Katherine Bennett*, Assistant Attorneys General, for Department of Human Services.

Before: MURPHY, C.J., and MARKEY and RIORDAN, JJ.

RIORDAN, J. Petitioner, Department of Human Services (DHS), appeals by leave granted the trial court order denying its request to set aside the order removing respondent mother's name from petitioner's central registry.[1] We vacate the trial court's order and remand for proceedings consistent with this opinion.

## I. FACTUAL BACKGROUND

In September 2010, the minor child was admitted to the hospital for failure to thrive because he was underweight. Respondent, who was 17 years old at the time of the incident, was with her 20 year-old boyfriend, who is the father of the baby; she claimed that they had received improper instruction on how to feed the child. Respondent confessed to a Child Protective Services (CPS) worker that when the child was released from the hospital, they would have nowhere to live.

DHS filed a petition, requesting the court to authorize the petition and place the child in DHS custody. The trial court took jurisdiction over the child and, as a result, respondent's name was placed on petitioner's central registry, which contains information related to

---

[1] The father of the minor is not a party to this appeal.

child protective proceedings. Both respondent and her child were placed in foster care.

Respondent was able to improve her circumstances during the proceedings and obtained housing for herself and the child. At a permanency planning hearing on September 23, 2011, the trial court terminated its jurisdiction and closed the case. Also at this hearing, respondent requested that her name be removed from the central registry because she wanted to pursue a career in nursing, and the lawyer-guardian ad litem joined in that request. The trial court granted the motion, entering an order that petitioner must remove respondent from the central registry because of the "circumstances of this case and [respondent's] chosen field of employment."

Thereafter DHS filed a request to set aside the ruling that respondent's name must be removed from the central registry, contending that MCL 722.627 granted DHS, not the trial court, the authority to add or remove a name from the registry. After a hearing, the trial court entered an order denying the request. DHS now appeals.

## II. CENTRAL REGISTRY

### A. STANDARD OF REVIEW

"We review de novo jurisdictional questions[.]" *L & L Wine & Liquor Corp v Liquor Control Comm*, 274 Mich App 354, 356; 733 NW2d 107 (2007). Likewise, "[w]e review de novo questions of statutory interpretation." *Hayford v Hayford*, 279 Mich App 324, 325; 760 NW2d 503 (2008).

### B. ANALYSIS

"Circuit courts are courts of general jurisdiction[.]" *Papas v Gaming Control Bd*, 257 Mich App 647, 657;

669 NW2d 326 (2003). However, their jurisdiction is not absolute. "[I]f the Legislature has expressed an intent to make an administrative tribunal's jurisdiction exclusive, then the circuit court cannot exercise jurisdiction over those same areas." *Citizens for Common Sense in Gov't v Attorney General*, 243 Mich App 43, 50; 620 NW2d 546 (2000). "This Court has not required the phrase 'exclusive jurisdiction' to appear in a statutory provision in order to find that jurisdiction has been vested exclusively in an administrative agency." *Papas*, 257 Mich App at 657. Rather, as long as the statutory language establishes the state agency is endowed with exclusive jurisdiction, "courts must decline to exercise jurisdiction until all administrative proceedings are complete." *Id.*

At issue in this case is MCL 722.627, which, in pertinent part, states:

> (1) The department [DHS] shall maintain a statewide, electronic central registry to carry out the intent of this act.

> \* \* \*

> (5) A person who is the subject of a report or record made under [the Child Protection Law, MCL 722.621, *et seq.*,] may request the department to amend an inaccurate report or record from the central registry and local office file. A person who is the subject of a report or record made under this act may request the department to expunge from the central registry a report or record in which no relevant and accurate evidence of abuse or neglect is found to exist. A report or record filed in a local office file is not subject to expunction except as the department authorizes, if considered in the best interest of the child.

> (6) If the department refuses a request for amendment or expunction under subsection (5), or fails to act within 30 days after receiving the request, the department shall hold a hearing to determine by a preponderance of the evidence

whether the report or record in whole or in part should be amended or expunged from the central registry on the grounds that the report or record is not relevant or accurate evidence of abuse or neglect. The hearing shall be held before a hearing officer appointed by the department and shall be conducted as prescribed by the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328.

(7) If the investigation of a report conducted under this act fails to disclose evidence of abuse or neglect, the information identifying the subject of the report shall be expunged from the central registry. If evidence of abuse or neglect exists, the department shall maintain the information in the central registry until the department receives reliable information that the perpetrator of the abuse or neglect is dead.

The "primary goal" of statutory interpretation "is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini*, 490 Mich 239, 246-247; 802 NW2d 311 (2011). A statutory provision must be read in the context of the entire act, and "every word or phrase of a statute should be accorded its plain and ordinary meaning." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). When the language is clear and unambiguous, "no further judicial construction is required or permitted, and the statute must be enforced as written." *Pohutski v City of Allen Park*, 465 Mich 675, 683; 641 NW2d 219 (2002) (quotation marks and citation omitted). Only when the statutory language is ambiguous may a court consider evidence outside the words of the statute to determine the Legislature's intent. *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). However, "[a]n ambiguity of statutory language does not exist merely because a reviewing court questions whether the Legislature intended the consequences of the language under review. An ambiguity

can be found only where the language of a statute, as used in its particular context, has more than one common and accepted meaning." *Papas*, 257 Mich App at 658.

The plain language of the statute grants exclusive jurisdiction to DHS to control expunction from the central registry. MCL 722.627(5), (6), and (7) set forth a statutory scheme whereby a respondent may seek removal of his or her name from the central registry from petitioner. MCL 722.627(5) specifically states that a person subject to a report or record may seek removal of his or her name in the central registry from the department. If the department refuses to remove that individual's name, subsection (6) provides that "the department *shall* hold a hearing" pursuant to the administrative procedures act, MCL 24.201 *et seq.*, to determine whether "the report or record is not relevant or accurate evidence of abuse or neglect." (Emphasis added); see *Mich Ed Ass'n v Secretary of State (On Rehearing)*, 489 Mich 194, 218; 801 NW2d 35 (2011) ("The use of 'shall' in a statute generally indicates a mandatory and imperative directive.") (quotation marks and citation omitted). If no evidence is found to support a finding of abuse or neglect, DHS must expunge the individual's name from the central registry. MCL 722.627(7).

Pursuant to MCL 722.627, the Legislature created a comprehensive statutory scheme for situations, like here, where an individual desires removal from the central registry. As indicated by subsection (1) of the statute, the Legislature mandated that the department "shall" be responsible for the maintenance of the registry, which is language that communicates an intent that the department be the gatekeeper for the registry. See *Papas*, 257 Mich App 647. To read MCL 722.627 as

respondent suggests would undermine this clear mandate. Allowing respondent to evade the department's role in this process would subvert the statutory scheme of MCL 722.627, which in turn would ignore the Legislature's intent. See *Klapp v United Ins Group Agency, Inc*, 468 Mich 459, 468; 663 NW2d 447 (2003) (noting that courts should "avoid an interpretation that would render any part of the contract surplusage or nugatory").

Moreover, it is undisputed that respondent initiated the procedure for expunction set forth in MCL 722.627, and had an administrative hearing scheduled. Yet, she cancelled the hearing, thereby failing to see her administrative process through to completion. As this Court has repeatedly recognized, when an administrative scheme of relief exists an individual must exhaust those remedies before a circuit court has jurisdiction. See *L & L Wine & Liquor Corp*, 274 Mich App at 357; *Papas*, 257 Mich App at 665; *Citizens for Common Sense in Gov't*, 243 Mich App at 54. Further, as both parties conceded at oral argument, nothing in the statute precludes respondent from invoking her administrative remedies after remand.

Respondent, however, contends that the trial court had authority to enter its order pursuant to MCL 712A.6, which states:

> The court has jurisdiction over adults . . . and may make orders affecting adults as in the opinion of the court are necessary for the physical, mental, or moral well-being of a particular juvenile or juveniles under its jurisdiction. However, those orders shall be incidental to the jurisdiction of the court over the juvenile or juveniles.

Respondent relies heavily on the Michigan Supreme Court's decision in *In re Macomber*, 436 Mich 386, 390-391; 461 NW2d 671 (1990), wherein the Court held

that "[a] plainer, more straightforward statement of the authority conferred on the probate court to fashion necessary orders to protect children who come within its jurisdiction would be difficult to imagine."[2] The Court, however, also noted that this statute does not grant the trial court plenary power, but has inherent limits. *Id.* at 398-399. As the Court explained:

> The court is limited in that it can only act after it has jurisdiction over a child, and it may only act to ensure a child's well-being. Any orders aimed at adults must also be incidental to the court's jurisdiction over children. In addition, under § 6, the court may only make orders affecting adults if "necessary" for the child's interest. The word "necessary" is sufficient to convey to probate courts that they should be conservative in the exercise of their power over adults. [*Id.*]

The circuit courts are courts of limited jurisdiction. They possess only that power authorized by the constitution and statute. This power cannot be expanded by judicial decree. Thus, while MCL 712A.6 grants the trial court broad power, there are limits. Respondent posits that because her presence on the central registry would keep her from pursuing her job prospects as a nurse, the trial court was empowered to act under MCL 712A.6. We decline to accept this quite expansive and strained reading of MCL 712A.6.

Regardless of respondent's interaction with other children, there is no evidence that her placement on the central registry actually affects her ability to interact with her own child. There is no evidence that respondent's subjective goal of becoming a nurse, nor the removal of her name from the registry, is *necessary* to the physical, mental, or moral well-being of her child.

---

[2] While the Court in *In re Macomber* was interpreting a prior version of MCL 712A.6, the relevant language remains the same.

MCL 712A.6. In fact, removing respondent's name from the central registry without following the procedures and safeguards set forth in MCL 722.627 might actually endanger the child. To accept respondent's argument also would run counter to the Michigan Supreme Court's decision in *In re Macomber*, 436 Mich at 399, which cautioned trial courts to be conservative with orders affecting adults under MCL 712A.6.

Furthermore, it is not evident that respondent's job prospects as a nurse would be affected by her presence in the central registry. Nothing in MCL 722.627j requires a potential employer to seek out such information or to refuse to hire respondent on the basis of that information. Respondent also remains free to seek other employment that would advance her economic status just as effectively. Lastly, even if we were to agree that MCL 712A.6 applies, respondent's argument still fails. Because MCL 722.627 is the more specific statute, explicitly dealing with expunction from the central registry, it prevails over the more general statute, MCL 712A.6. *Slater v Ann Arbor Pub Sch Bd of Ed*, 250 Mich App 419, 434-435; 648 NW2d 205 (2002) (recognizing that when two statutes apply, the more specific one controls); *Bowden v Hutzel Hosp*, 252 Mich App 566, 578-579; 652 NW2d 529 (2002) mod on other grounds, 468 Mich 851 (2003).

Respondent next argues that she should be excused from exhausting her administrative remedies. "It is well established that where an administrative grievance procedure is provided, exhaustion of that remedy, except where excused, is necessary before review by the courts." *Bonneville v Mich Corrections Org, Serv Employees Int'l Union, Local 526M, AFL-CIO*, 190 Mich App 473, 476; 476 NW2d 411 (1991). As this Court recognized in *Citizens for Common Sense in Govt*, 243 Mich App at 53:

> Exhaustion of administrative remedies serves several
> policies: (1) an untimely resort to the courts may result in
> delay and disruption of an otherwise cohesive administra-
> tive scheme; (2) judicial review is best made upon a full
> factual record developed before the agency; (3) resolution
> of the issues may require the accumulated technical com-
> petence of the agency or may have been entrusted by the
> Legislature to the agency's discretion; and (4) a successful
> agency settlement of the dispute may render a judicial
> resolution unnecessary. [Quotation marks and citation
> omitted.]

Respondent argues that because DHS continuously
delayed the process, there was no cohesive administra-
tive scheme, and she should be excused from exhausting
her administrative remedies. Even if there was an
excessive delay as respondent contends, that is not the
only factor to consider.

In regard to the second purpose articulated above,
removal of an individual from the central registry
involves an intensive factual determination that DHS is
in the best position to make. Judicial review would be
most efficient after a full factual record has been
developed. While respondent contends that the trial
court was fully cognizant of the facts of the case, that is
not the same as being fully cognizant of the factual
issues involved in the management of the central reg-
istry or reasons for removal, which is squarely within
the department's purview. Contrary to respondent's
characterization, in its opinion and order, the trial court
displayed limited familiarity with this case. Instead, the
trial court perfunctorily granted respondent's request
without factual findings and with a notable lack of focus
on the minor child.

Furthermore, respondent ignores two relevant con-
cerns, which fully support exhaustion of administrative
remedies in this case. DHS, as the agency that manages

and maintains the central registry, is the most knowledgeable party regarding when and if someone should be removed from the central registry. Moreover, had respondent followed through with an administrative hearing as required by MCL 722.627, the result could very well have been an order to expunge her name from the central registry, which would have rendered judicial resolution unnecessary. Therefore, while it may have been more convenient for respondent to bypass the department and go to the trial court, convenience is inconsistent with the applicable statutory scheme.

Respondent also alleges that the department's delays in processing her request violated her due process rights. However, respondent never raised this issue at the trial court level nor offered any evidence supporting this contention.[3] Because there is no evidence properly before us regarding this issue, we decline to consider it. See *Kent Co Aeronautics Bd v Dep't of State Police*, 239 Mich App 563, 580; 609 NW2d 593 (2000).

Lastly, the lawyer-guardian ad litem asserts that because she, rather than respondent, moved the trial court to remove respondent's name from the central registry, the trial court's ruling was justified under MCL 712A.17d(1)(*l*), which empowers the lawyer-guardian ad litem "[t]o request authorization by the court to pursue issues on the child's behalf that do not arise specifically from the court appointment." The lawyer-guardian ad litem also contends that because she made the motion, MCL 722.627 does not apply.

---

[3] While respondent now attempts to expand the record by providing documents detailing the delay, these documents were not in the lower court file. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002).

An initial flaw in these assertions is that they are based on a mischaracterization. While the lawyer-guardian ad litem states that she made the motion requesting expunction of respondent's name from the registry, the hearing reflects that the lawyer-guardian ad litem referred the court to respondent's attorney, who made the motion. The lawyer-guardian ad litem then elucidated further and joined in the motion.

Moreover, even assuming that MCL 712A.17d applies, the lawyer-guardian ad litem's arguments still fail. MCL 722.627 specifically grants DHS the authority to control expunction from the central registry, and prevails over the more general statute, MCL 712A.17(d)(1)(*l*), which broadly empowers the lawyer-guardian ad litem to pursue interests on the child's behalf. *Slater*, 250 Mich App at 434-435 ("[W]here two statutes or provisions conflict and one is specific to the subject matter while the other is only generally applicable, the specific statute prevails."). Further, MCL 722.627(5) specifically states that it is the "person who is the subject of a report or record made under this act" who may request removal, which in this case was respondent.

### III. CONCLUSION

MCL 722.627 grants DHS exclusive jurisdiction in maintaining and removing a person's name from the central registry. Because respondent failed to exhaust her administrative remedies before seeking judicial intervention, the trial court did not have jurisdiction to enter an order removing her from the central registry. As DHS acknowledged at oral argument, respondent remains free to invoke her administrative remedies upon remand. We vacate the trial court's order and

remand for proceedings consistent with this opinion. We do not retain jurisdiction.

MURPHY, C.J., and MARKEY, J., concurred with RIORDAN, J.