STATE OF MICHIGAN

 COURT OF APPEALS

VAUGHN GUILD, UNPUBLISHED
 November 25, 2014
 Plaintiff-Appellee,

v No. 317195
 Ingham Circuit Court
DEPARTMENT OF CORRECTIONS, LC No. 12-000118-CD

 Defendant-Appellant.

Before: K. F. KELLY, P.J., and SAWYER and METER, JJ.

PER CURIAM.

 Defendant applies by leave granted an order denying in part its motion for summary
disposition in this wrongful termination case. We reverse and remand for entry of judgment in
favor of defendant.

 Plaintiff worked for defendant for approximately seven years. He was one of several
psychologists at defendant’s Muskegon facility. Plaintiff worked with groups of approximately
13 sexual offenders and assaultive offenders. One of plaintiff’s responsibilities was preparing a
“therapy termination report” for each inmate in the group within five business days of the
completion of the group therapy. The database had a security system that locked a report 24
hours after it was created. If a psychologist needed to add to a report after it was locked, he had
to use a process for creating an addendum.

 In 2008, plaintiff was not completing his reports on time. At his deposition, plaintiff
contended that the deadlines were unrealistic. At any rate, defendant undertook disciplinary
measures to attempt to get plaintiff into compliance with the job expectations. At some point,
plaintiff’s supervisors discovered that plaintiff was beginning or “opening” several reports at
once and putting in only the “critical data.” The reports would lock, and plaintiff would return to
complete them later, sometimes weeks later, using the addendum process. He used the
addendum process to complete the reports and sometimes to change his previous ratings in the
reports as well. A witness testified that plaintiff’s action of leaving incomplete reports in the
system gave rise to a risk that the parole board would view them and make decisions based on
them in an incomplete form that plaintiff would later change.

 Plaintiff was terminated on January 21, 2009. Plaintiff filed a grievance regarding his
termination and an arbitration hearing was held. Eventually, the parties reached a settlement and
plaintiff was expected to return to work in August 2009. However, defendant then completed an
 -1-
ongoing investigation and concluded that plaintiff had been falsifying documents and, after a
disciplinary hearing on August 28, 2009, it again terminated plaintiff’s employment.

 On February 2, 2012, plaintiff filed a four-count complaint alleging retaliatory discharge
in violation of public policy, retaliatory discharge for the assertion of statutory rights, age
discrimination1 in violation of the Elliot-Larsen Civil Rights Act, MCL 37.2101 et seq., and
discrimination on the basis of disability in violation of the Persons with Disabilities Civil Rights
Act (PWDCRA), MCL 37.1201 et seq.2

 Defendant moved for summary disposition. Defendant relied on MCR 2.116(C)(4) (lack
of subject-matter jurisdiction), MCR 2.116(C)(7) (governmental immunity), and MCR
2.116(C)(10) (lack of genuine issue of material fact).

 The trial court granted summary disposition with regard to plaintiff’s counts I and II.
With respect to counts III and IV, the court denied summary disposition, stating:

 At this point it might be premature to grant summary disposition on
 Counts 3 and 4. I would think it’s a fact question as to whether or not Count 4,
 Mr. Guild, when he presented his information for the Department, if he was
 misrepresented at the arbitration, wouldn’t carry much [sic]. It’s a fact question
 as to what point did the State know did he submit documentation. What’s the
 State’s policy if one requests accommodations in support, et-cetera [sic].

 In regards to Counts 3-4. Count 3, Count 3 is super thin. Super thin. And
 Count 4, the disability, I think there remains fact questions in that regard. So I am
 going to deny the State’s motion without prejudice to Counts 3 and 4. I will grant
 the motion for Counts 1 and 2. . . . So I will grant motions to Counts 1 and 2 and
 deny requests for Counts 3 and 4 without prejudice at this time.

 This Court reviews de novo a trial court’s determination concerning a motion for
summary disposition. Maiden v Rozwood, 461 Mich 109, 118; 597 NW2d 817 (1999).
Summary disposition is appropriate under MCR 2.116(C)(10) if “there is no genuine issue as to
any material fact, and the moving party is entitled to judgment . . . as a matter of law.” The court
must consider all the pleadings and evidence when deciding the motion. Maiden, 461 Mich at
120. A genuine issue of material fact exists if “reasonable minds could differ on an issue after
viewing the record in the light most favorable to the nonmoving party.” Allison v AEW Capital
Mgt, LLP, 481 Mich 419, 425; 751 NW2d 8 (2008).

 Once the moving party has identified and supported issues about which there are
allegedly no disputed issues of material fact, the burden is on the nonmoving party to show that
disputed issues exist. MCR 2.116(G)(4); Quinto v Cross & Peters Co, 451 Mich 358, 362; 547

1
 Plaintiff was 57 years old in 2008.
2
 Plaintiff alleged that he had a sleep disorder.

 -2-
NW2d 314 (1996). The nonmoving party “must go beyond the pleadings to set forth specific
facts showing that a genuine issue of material fact exists.” Id.

 MCL 37.2202 provides, in pertinent part:

 (1) An employer shall not do any of the following:

 (a) Fail or refuse to hire or recruit, discharge, or otherwise discriminate
 against an individual with respect to employment, compensation, or a term,
 condition, or privilege of employment, because of religion, race, color, national
 origin, age, sex, height, weight, or marital status.

In order to establish age discrimination, a plaintiff must establish a “causal link between the
discriminatory animus and the adverse employment action.” Sniecinski v Blue Cross & Blue
Shield of Mich, 469 Mich 124, 134-135; 666 NW2d 186 (2003). A plaintiff may prove
discrimination with either direct or indirect evidence. See Hazle v Ford Motor Co, 464 Mich
456, 461-463; 628 NW2d 515 (2001).

 If there is no direct evidence that an employer’s decision was motivated by age, the
plaintiff may establish a prima facie case through indirect evidence of age discrimination. Id. at
462. To do this, the plaintiff must present evidence from which a finder of fact could infer that
the plaintiff was a victim of unlawful discrimination using the burden-shifting approach
established in McDonnell Douglas Corp v Green, 411 US 792, 802-803; 93 S Ct 1817; 36 L Ed
2d 668 (1973). See Hazle, 464 Mich at 462.

 Under the McDonnell Douglas framework, a plaintiff must first establish a prima facie
case by presenting evidence that (1) he belonged to a protected class, (2) he suffered an adverse
employment action, (3) he was qualified for the position, and (4) the adverse employment action
occurred under circumstances giving rise to an inference of unlawful discrimination. Hazle, 464
Mich at 463. If the plaintiff can establish a prima facie case, a presumption of discrimination on
the part of the defendant is created. Id. The defendant may rebut the presumption by showing
that the adverse employment action was taken for a legitimate, nondiscriminatory reason. Id. at
464. “At that point, in order to survive a motion for summary disposition, the plaintiff must
demonstrate that the evidence in the case, when construed in the plaintiff’s favor, is sufficient to
permit a reasonable trier of fact to conclude that discrimination was a motivating factor for the
adverse action taken by the employer toward the plaintiff.” Id. at 465 (internal citation and
quotation marks omitted).

 Defendant does not dispute that plaintiff satisfied the first two elements. He was in a
protected class and he suffered an adverse employment action.

 However, even assuming that plaintiff was qualified for his position, he offered no
evidence to show that the adverse employment action occurred under circumstances giving rise
to an inference of unlawful discrimination. Plaintiff offered no evidence that a younger person
was hired to replace him or that “others, similarly situated and outside the protected class, were
unaffected by the employer’s adverse conduct.” Town v Mich Bell Tel Co, 455 Mich 688, 695;
568 NW2d 64 (1997).

 -3-
 Plaintiff claims that defendant did not scrutinize the work of the other psychologists.
However, he did not establish that the other psychologists were younger but similarly situated to
him, i.e., that they had the same problems that plaintiff was having in timely completing the
required reports but were outside the protected class. The evidence plaintiff relied on is a chart
that he created showing the psychologists’ output. The chart contains no references to ages.
Plaintiff’s assertions of age discrimination are not supported by the record and we will not permit
an expansion of the record on appeal. In re Harper, 302 Mich App 349, 360 n 3; 839 NW2d 44
(2013).3 Plaintiff simply failed to establish a prima facie case of age discrimination by direct or
indirect evidence. Defendant was entitled to summary disposition of this count under MCR
2.116(C)(10).

 Under the PWDCRA, an employer may not “[d]ischarge or otherwise discriminate
against an individual with respect to compensation or the terms, conditions, or privileges of
employment, because of a disability . . . that is unrelated to the individual’s ability to perform the
duties of a particular job or position.” MCL 37.1202(1)(b). To establish a discrimination claim
under the PWDCRA, a plaintiff must demonstrate that he is disabled as defined in the act, that
the disability is unrelated to his ability to perform his job duties, and that he has been
discriminated against in one of the ways set forth in the statute. Peden v Detroit, 470 Mich 195,
204; 680 NW2d 857 (2004). After a plaintiff shows that he is a qualified person with a disability
entitled to protection, he must then demonstrate that the employer engaged in prohibited
discriminatory conduct. Id. at 205.

 Plaintiff claims that he suffers from a sleep disorder, for which he takes medication. He
states that the disorder does not affect his ability to perform his job. Plaintiff alleges that
defendant discriminated against him because of his disorder by investigating and discharging
him despite his abilities, MCL 37.1201(1)(b), and by classifying him as an employee with
timeliness problems, MCL 37.1201(1)(c).

 At his deposition, plaintiff testified that he did not consider himself to be disabled. When
asked for the name of his sleep disorder, he testified, “I couldn’t give you the precise name.” He
stated, “There’s certain accommodations I need and usually they are pretty minor, things like not
having a noisy office, and then I’m able to work as well as anyone else.” When asked how
defendant was aware of the alleged disability, he stated that he disclosed it “[v]erbally during an
interview.” He stated, “I don’t make a great point of it, but I make sure that I say it.” When
asked exactly whom he told about the disorder, he responded:

 That would have been to -- well, there were two interviews, okay. I
 believe I made that statement to Mr. Howard Hillman and to Mr. Gildersleeve at
 the time of my first interview, though I’m not certain of that, and that would have
 been back in 2004, and I can’t recall precisely, okay. There was nothing ever
 questioned about it after that. And I am certain that when I began working for
 Mr. Hillman I immediately told him that I was on medication which would affect

3
 We note that the lower court record contains only partial deposition transcripts. In this opinion
we rely on the deposition pages provided below.

 -4-
 my alertness if I did not take it and that I did not possess that medication at work
 because it was a sustained release medication, I took it in the morning. [Emphasis
 added.]4

 We conclude that plaintiff’s vague statements about an unnamed disorder that he himself
does not consider a disability and his vague statements regarding informing defendant about this
disorder (as opposed to his more certain statements regarding informing defendant about a
medication he was taking) are simply not sufficient to establish a genuine issue of material fact
that defendant disciplined and fired plaintiff based on a disability.5

 Reversed and remanded for entry of judgment in favor of defendant. We do not retain
jurisdiction.

 /s/ Kirsten Frank Kelly
 /s/ David H. Sawyer
 /s/ Patrick M. Meter

4
 Plaintiff later made a statement regarding telling another person about the sleep disorder after
he came back to work from a medical leave of absence that he admits was unrelated to the sleep
disorder. This testimony was again vague and failed to indicate that defendant would have
viewed plaintiff as “disabled.” Plaintiff testified, “All she knew was that I was off for an
extended medical leave. I came back, and the first thing I told her was about the sleep disorder
and my medication.” Plaintiff explained that he had to make statements about the medication
because of rules pertaining to medication in the employee handbook.
5
 Plaintiff alleged in his complaint that defendant “was predisposed to discriminate on the basis
of his disability and acted in accordance with that predisposition.” To the extent that plaintiff
may have alleged a “failure to accommodate” claim, such a claim requires a written request to
accommodate, of which there is no evidence in the lower court record. See MCL 37.1210(18).

 -5-