# STATE OF MICHIGAN

# COURT OF APPEALS

TRAWMISHA TONEY,

        Plaintiff-Appellant,

v

JONES LANG LASALLE AMERICAS, INC.,
ASHKENAZY ACQUISITION CORP., and
EASTLAND CENTER, INC.,

        Defendants-Appellees.

UNPUBLISHED
May 5, 2016

No. 325462
Wayne Circuit Court
LC No. 13-013901-NO

Before: JANSEN, P.J., and SERVITTO and M. J. KELLY, JJ.

PER CURIAM.

In this premises liability action, plaintiff appeals as of right the trial court's order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10). We affirm.

In February 2011, plaintiff went to Eastland Mall, collectively owned and operated by defendants. While walking through the parking lot, plaintiff slipped on ice and was injured. Plaintiff provided deposition testimony that the day was cold and dark, that she was wearing a coat because it was cold, and that she realized it was wintertime. Plaintiff testified that the ice on which she fell was not visible before or immediately after she fell. Plaintiff stated that the ice only became visible after security guards threw salt and she could see it slide around, and the security guards almost fell themselves. When it became visible, plaintiff described the icy patch as spreading throughout the entire handicapped area of the parking lot. Plaintiff further testified that, after her fall, she witnessed one other woman slip and fall on the ice. Plaintiff stated that the fall caused her to have back and neck pain, as well as memory difficulty.

Plaintiff brought suit against defendants in the instant case alleging that they had violated their duty to warn plaintiff of the dangerous situation on their property—the black ice. Defendants moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the ice presented an open and obvious danger with no special aspects. The trial court granted defendants' motion and plaintiff now appeals.

Plaintiff argues that the trial court acted improperly in granting defendants' motion because (1) defendants failed to present evidence in support of their position, (2) there were issues of fact regarding whether the ice was open and obvious or was unreasonably dangerous,

-1-

and (3) the trial court found facts in favor of defendants which it was not permitted to do. We disagree.

"This Court reviews decisions on motions for summary disposition de novo to determine if the moving party was entitled to judgment as a matter of law." *Alcona Co v Wolverine Environmental Prod, Inc*, 233 Mich App 238, 245; 590 NW2d 586 (1998). A motion for summary disposition pursuant to MCR 2.116(C)(10) "tests the factual sufficiency of the complaint[.]" *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). "In evaluating a motion for summary disposition brought under this subsection, a trial court considers affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties, MCR 2.116(G)(5), in the light most favorable to the party opposing the motion." *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). Summary disposition is proper where there is no "genuine issue regarding any material fact." *Id*. "A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Bennett v Detroit Police Chief*, 274 Mich App 307, 317; 732 NW2d 164 (2006). "While it is true that the trial court must 'consider [] affidavits, pleadings, depositions, admissions, and other evidence submitted by the parties', the nonmoving party may not rely on mere allegations or denials, but must set forth specific facts that show that a genuine issue of material fact exists." *Id*. at 318, quoting *Maiden*, 461 Mich at 120 (alterations by the *Bennett* Court).

"In a premises liability action, a plaintiff must prove the elements of negligence: (1) the defendant owed the plaintiff a duty, (2) the defendant breached that duty, (3) the breach was the proximate cause of the plaintiff's injury, and (4) the plaintiff suffered damages." *Benton v Dart Props, Inc*, 270 Mich App 437, 440; 715 NW2d 335 (2006). "In general, a premises possessor owes a duty to an invitee to exercise reasonable care to protect the invitee from an unreasonable risk of harm caused by a dangerous condition on the land." *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). However, "there is no obligation to warn someone of dangers that are so obvious and apparent that a person may reasonably be expected to discover them and protect himself or herself." *Laier v Kitchen*, 266 Mich App 482, 487; 702 NW2d 199 (2005). "Accordingly, the open and obvious doctrine should not be viewed as some type of 'exception' to the duty generally owed invitees, but rather as an integral part of the definition of that duty." *Lugo*, 464 Mich at 516.

"Whether a danger is open and obvious depends on whether it is reasonable to expect that an average person with ordinary intelligence would have discovered it upon casual inspection." *Hoffner v Lanctoe*, 492 Mich 450, 461; 821 NW2d 88 (2012). When considering whether a defect is open and obvious, courts must consider the "objective nature of the condition of the premises at issue[.]" *Lugo*, 464 Mich at 524. In other words, this is an objective standard. See *id*.; see also *Hoffner*, 492 Mich at 461. The open and obvious doctrine contains an exception for open and obvious dangers with certain special aspects, including dangers that are "effectively unavoidable" or "unreasonably dangerous." *Hoffner*, 492 Mich at 462-463.

In considering the open and obvious danger doctrine "involving the natural accumulation of ice and snow, our courts have progressively imputed knowledge regarding the existence of a condition as should reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months." *Slaughter v*

*Blarney Castle Oil Co*, 281 Mich App 474, 479; 760 NW2d 287 (2008). "Michigan courts have generally held that the hazards presented by snow, snow-covered ice, and observable ice are open and obvious and do not impose a duty on the premises possessor to warn of or remove the hazard." *Id*. at 481. This Court held in *Slaughter*, however, that this did not extend "to black ice without evidence that the black ice in question would have been visible on casual inspection before the fall or without other indicia of a potentially hazardous condition." *Id*. at 483. In support of that decision, this Court reasoned "[t]he overriding principle behind the many definitions of black ice is that it is either invisible or nearly invisible, transparent, or nearly transparent. Such definition is inherently inconsistent with the open and obvious danger doctrine." *Id*.

Here, defendants presented plaintiff's deposition testimony and a photograph of the parking lot taken shortly after plaintiff's fall in support of their motion. Plaintiff testified that the ice was invisible, but she also stated that the weather was cold and that it was wintertime. Plaintiff's friend, who was with her at the mall, took a photograph of the area after plaintiff's fall. Plaintiff testified that she did not know how long after the fall the photograph was taken, but that she believed she was lying on the ground for a long time. Plaintiff admitted that the photograph showed clearly visible ice, but testified that the lighting and angle must have been different because she could not see the ice when she fell. Moreover, while plaintiff testified that there was no snow in the parking lot on the day of her fall, this testimony is belied by the photograph, which clearly shows snow.

While, "the mere fact of it being wintertime in [] Michigan" is not enough to make someone aware of the potential of black ice, the presence of the snow is. See *Slaughter*, 281 Mich App at 483. This Court in *Slaughter* held that the open and obvious doctrine would only apply to black ice if there was evidence that it "would have been visible on casual inspection before the fall" or with "other indicia of a potentially hazardous condition." *Id*. Here, plaintiff was presented with a situation where it was winter in Michigan, it was cold, and there was snow on the ground. These facts created a situation where it could "reasonably be gleaned from all of the senses as well as one's common knowledge of weather hazards that occur in Michigan during the winter months" that there was likely black ice in the parking lot. See *id*. at 479. Indeed, this Court has held that when a parking lot is covered in snow, but black ice is not visible, the danger of the black ice is still open and obvious. See *Royce v Chatwell Club Apartments*, 276 Mich App 389, 394; 740 NW2d 547 (2007). "[T]he potential slipperiness of the snow-covered parking lot was an open and obvious danger as a matter of law." *Id*. Contrary to plaintiff's assertion otherwise, defendants sufficiently supported their motion and plaintiff thereafter provided no evidence to contradict that provided by defendants or created a question of fact concerning whether the condition was open and obvious.

Plaintiff also argues that the icy handicapped parking area created a special aspect rendering the parking lot unreasonably dangerous. This Court has previously considered that argument and found it to be without merit. In *Royce*, 276 Mich App at 395, the plaintiff argued that because an ice patch was located in the handicap parking section, it amounted to an unreasonably dangerous situation. We disagreed, opining that "[t]he fact that the ice patch on which plaintiff fell was located near a handicapped parking space did not give rise to a uniquely high likelihood of harm or severity of harm." *Id*. This Court reasoned that the potential to slip and fall on an icy and slippery parking lot did not "constitute a *uniquely high* likelihood or

severity of harm and remove the condition from the open and obvious danger doctrine." *Id*. at 395-396 (emphasis in original). Considering this, plaintiff's argument that the black ice being in the handicap parking area created an unreasonably dangerous situation is similarly without merit. See *id*. "Because the condition of the parking lot was open and obvious and no special aspect existed making the condition unreasonably dangerous[,]" the trial court properly granted defendants' motion for summary disposition. *Id*. at 396.

Plaintiff also briefly argues that the motion for summary disposition was premature because more discovery was required. We disagree. Plaintiff only argues that the testimony of the other woman that fell in the parking lot may have been available. Yet, plaintiff makes no claim that the identity of that woman is known or discoverable or that her testimony would even be helpful. "A reviewing court may not employ a standard citing the mere possibility that the claim might be supported by evidence produced at trial. A mere promise is insufficient under our court rules." *Bennett*, 274 Mich App at 317. Plaintiff was not permitted to have her claim survive summary disposition on the allegation that she *might* be able to obtain testimony from the woman that fell in the parking lot, and that the testimony *may* be beneficial. See *id*. As such, the trial court properly granted summary disposition in favor of defendants.

Lastly, plaintiff argues that the trial court engaged in some level of judicial misconduct. We refuse to consider that argument for several reasons. First, the argument is not supported by any citation to law or by any cognizant argument. Indeed, not a single case discussing judicial misconduct is provided by plaintiff. "An appellant may not simply announce a position on appeal and leave it to this Court to rationalize the basis for that claim." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 287; 761 NW2d 761 (2008). "Generally, 'where a party fails to brief the merits of an allegation of error, the issue is deemed abandoned by this Court.' " *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002) (citation omitted). Therefore, this issue is abandoned and we need not consider it. Further, even if we wished to consider the issue, we would be unable to because all of the evidence relied upon by plaintiff is not properly before this Court. Plaintiff's entire argument of judicial misconduct relies upon two affidavits that were not offered before the trial court. "This Court's review is limited to the record established by the trial court, and a party may not expand the record on appeal." *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 56; 649 NW2d 783 (2002). See also *In re Harper*, 302 Mich App 349, 361 n 3; 839 NW2d 44 (2013). As such, plaintiff has no evidence to rely upon for her argument. Furthermore, we have reviewed the documents provided by plaintiff and find that the statements in those documents allegedly made by the trial court, even if true, do not amount to judicial misconduct.

Affirmed.


/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael J. Kelly